IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON LATRELL COLEMAN, | ) | CASE NO. 4:25 CV 1371 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE SCOTT D. HUNTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Brandon Latrell Coleman brings this civil rights action under 42 U.S.C. §1983 against Mahoning County Municipal Court Judge Scott D. Hunter, Mahoning County Prosecutor Shantell George, Ohio State Highway Patrol Trooper Nicholas Gainor, Mahoning County Sheriff's Deputy Musolino, Mahoning County, the Ohio State Highway Patrol, and Universal Shield Insurance. In the Complaint, Plaintiff challenges his arrest and prosecution on charges of failure to comply, obstructing official business and failure to maintain his vehicle in marked lanes. After he was released on bond, Plaintiff left the State of Ohio and failed to appear in court for a hearing which resulted in the issuance of a warrant for his arrest. He asserts claims for use of excessive force, false arrest, malicious prosecution, bond fraud, "labor & estate trafficking," jail misconduct, denial of legal endorsement, commercial dishonor, court misconduct, coercion to waive counsel retaliation, denial of medical care fabricated probable cause commercial duress denial of due process, intimidation and business harm. He asks this

Court to enjoin the state court criminal proceedings, declare that his bond is unenforceable, and award him monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

## Factual and Procedural Background

Plaintiff alleges that he was operating a commercial vehicle in Mahoning County, Ohio on June 5, 2025 when Ohio State Trooper Nicholas Gainor activated his lights to signal Plaintiff to pull over to the side of the road. Plaintiff did not comply with that signal and instead continued to drive for 6 to 7 minutes until he reached a Love's Truck Stop where he pulled into a fuel aisle. Multiple law enforcement unit had joined in the pursuit. Plaintiff claims he called 911 and requested to speak to a supervisor. He contends that the supervisor advised him to exit the vehicle. He states that several troopers approached with rifles drawn. He claims that despite having the driver's side window open, an unidentified trooper shot out his passenger window and forcibly entered the vehicle. He alleges that he was then tazed and arrested. He contends that there was no warrant for his arrest and no verified criminal complaint to authorize his arrest.

Plaintiff alleges that he was held in jail from June 6 to June 9 under a defective bond. He contends the bond was defective because the surety, Universal Fire & Casualty, used an outdated name and address and "failed to receive ]his] Rule 67 tender or notices." He states that Deputy Musolino "obstructed [his] ability to endorse the bond form with 'non assumpsit' and seized the paperwork." It appears that an individual identified as Asha Hall posted bond for Plaintiff. He attempted to circumvent the bond by offering a meaningless document of his own creation which he titled as a "sight draft" that he claimed would cover the bond payment. It appears that neither

-2-

the court nor the surety accepted this document. Plaintiff indicates that after his release on bond, he left the State of Ohio and returned to Maryland. He did not appear in court for a hearing on August 12, 2025, and the Judge Maureen Sweeney issued a bench warrant for his arrest.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

As an initial matter, Plaintiff has not asserted a plausible claim against any of the named Defendants. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). While he includes generalized facts and legal claims in his Complaint, he does not allege facts to connect any of the Defendants to his claims. This is not sufficient to state a claim against any of the Defendants.

Plaintiff identifies Defendant Shantell George as a prosecutor, but alleges no other facts pertaining to George. Plaintiff does not even allege that George was personally involved in his criminal case. To the extent that Plaintiff is bringing claims against George based on his participation in some manner in Plaintiff's criminal case, he is absolutely immune from suits for damages. Prosecutors have absolute immunity for actions taken in their roles as the State's advocate. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

Similarly, judges are absolutely immune from suit for actions taken while presiding over a case. Plaintiff alleges that Judge Hunter refused to rule on filings and his jurisdictional objections. He also alleges Judge Hunter attempted to coerce a waiver of counsel. These are actions and decisions made in the course of Plaintiff's criminal proceedings Judge Hunter is absolutely immune from suit.

The Ohio Highway Patrol is also immune from suit. It is an arm of the State of Ohio, and thus, it is entitled to immunity under the Eleventh Amendment. *Miller v. Ohio*, No. 2:22-CV-1712, 2022 WL 4779804, at *2 (S.D. Ohio Oct. 3, 2022); *Ledford v. Adams*, No. 2:21-CV-390, 2021 WL 1536374, at *3 (S.D. Ohio Apr. 19, 2021); *Oliver v. Ohio State Highway Patrol*, No. 5:19-CV-164, 2019 WL 3006431, at *2 (N.D. Ohio July 10, 2019) (immunity extends to Ohio Highway Patrol and state troopers).

Universal Shield Insurance, as the underwriter of the bond, is not subject to suit under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the entity must be a state or local government agency. Universal Shield Insurance is not a government entity. It is a private company. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A Defendant may also be considered a state actor if the Defendant exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Underwriting bonds is not a power traditionally reserved to a state and bail bonding companies do not obtain significant assistance from the state. They cannot be sued under 42 U.S.C. § 1983.

Moreover, the only allegations against Universal Shield Insurance are that they used an outdated name and address on the form. Plaintiff does not elaborate on whose information was

wrong, or how that prevented his release.  Plaintiff also alleges that they did not recognize his self-created document as a legitimate form of payment of the bond.  An entity doing business may choose what forms of payment to accept.  Neither of these allegations rises to the level of a plausible claim for relief.

Plaintiff fails to state a claim against Mahoning County.  These claims must be based on constitutional violations that occurred as the result of the County's own official policy enacted by its lawmakers, *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law.  *Monell*, 436 U.S. at 691.  Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior*, meaning that he cannot sue the County for the actions of its employees.  *Id.* at 692-94.   The claims must be based on the County's own wrong-doing.  Therefore, to demonstrate that the County's policies or customs caused constitutional harm, the Plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality (not just to an employee or official of the County), and (3) show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021)(quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted).  Plaintiff does not identify any policy or custom of Mahoning County which may have led to an actual injury to the Plaintiff.  He has not stated a claim against Mahoning County.

Plaintiff asserts similar allegations against Musolino.  His only allegation against this Defendant is that Musolino would not allow him to endorse the bond with "non assumpsit" and

seized the paperwork. This claim is frivolous as there is no legal right to inscribe those words on a bond. Plaintiff was released on bond so it did not prevent his release. This allegation fails to support any viable legal claim.

Finally, Plaintiff alleges that Trooper Gainor initiated the traffic stop for failing to stay within the marked lane. Those facts, alone, are not sufficient to suggest that a constitutional violation occurred. Plaintiff points out that he was not speeding; however, the officer did not stop him for speeding. He also alleges that Gainor was the only officer to submit an affidavit of probable cause. Submitting an affidavit as part of his assigned duties is not a constitutional violation. There are no other allegations that pertain to Trooper Gainor. The Complaint, as written, fails to support a plausible claim for relief against Gainor.

Plaintiff has other allegations and legal claims in the Complaint; however, they are not connected to any of the Defendants named in the Complaint. The Court cannot hold others liable for actions they did not commit. Those claims are dismissed.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2025